GEORGE C. CHATFIELD, Respondent, v. NEW YORK STATE GAS & ELECTRIC CORP., Appellant.— Judgment and order affirmed, with costs. All concur. (The judgment is for plaintiff in a negligence action. The order denies a motion for a new trial.) Present — Taylor, P. J., Dowling, McCurn, Larkin and Love, JJ.

WILLIAM S. SHERMAN, Appellant-Respondent, v. HELEN B. SHERMAN, Respondent-Appellant.— Order modified on the facts so as to provide that the payment of temporary alimony shall begin when the defendant brings the children within the jurisdiction of this State and shall continue so long as the children remain within the jurisdiction of this State and until the final judgment in the action, and further modified by directing the payment of $100 counsel fees forthwith and $125 at the opening of the trial provided the defendant is personally present at the trial, and as modified affirmed, without costs of this appeal to either party. All concur. (The order grants leave to defendant to serve an amended answer and grants alimony and counsel fees.) Present — Taylor, P. J., Dowling, McCurn, Larkin and Love, JJ.

In the Matter of the Accounting of HAMILTON H. WENDE, as Executor of FREDERICK WENDE, Deceased, Respondent. WALTER D. WESTINGHOUSE, Appellant.— Decree so far as appealed from reversed on the facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: We think that on this record the claimant showed that he had performed services for which he had not been paid subsequent to November 5, 1938. We think the check of November 5, 1938, must be treated as full settlement of all services performed up to that date. All concur. (The portion of the decree appealed from disallows a claim against an estate for medical fees.) Present — Taylor, P. J., Dowling, McCurn, Larkin and Love, JJ.

MARY MURPHY, Respondent, v. MONTGOMERY WARD & COMPANY, INC., Appellant.— Judgment reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the verdict was against the weight of the evidence. In our judgment the testimony of the plaintiff as to the conversation with Mrs. Richardson was incompetent and ought not to be received on the new trial. All concur, except Larkin, J., who dissents and votes for affirmance. (The judgment is for plaintiff in a negligence action.) Present — Taylor, P. J., Dowling, McCurn, Larkin and Love, JJ.

JOSEPH R. MURPHY, Respondent, v. MONTGOMERY WARD & COMPANY, INC., Appellant.— Same decision and like cause of action as in companion case of *Murphy* v. *Montgomery Ward & Co.* (*ante,* p. 896). Present — Taylor, P. J., Dowling, McCurn, Larkin and Love, JJ.